Pierce Gore (State Bar No. 128515)
GORE LAW FIRM
900 East Hamilton Avenue
Suite 100
Campbell, CA 95008
Telephone: (408) 879-7444
Facsimile: (408) 376-0757
Email: *piercegore@gorelawfirm.com*

(Additional counsel listed on signature page)

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

VICTOR GAMALY, individually and on behalf of himself and all others similarly situated,

Plaintiff,

v.

BARCELINO CONTINENTAL CORP.; Does 1 through 10,

Defendants.

Case No. C07 04757

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, by and through his attorneys, brings this civil action for statutory damages and costs of suit, on behalf of himself and all others similarly situated. Upon personal knowledge as to her own acts and status, and upon information and belief as to all other matters, Plaintiff alleges the following:

**NATURE OF THE ACTION**

1.  This is a class action against Barcelino Continental Corp. pursuant to the Fair and Accurate Credit Transactions Act, 15 U.S.C. §1681 *et seq.* ("FACTA"), which Congress enacted in 2003 to aid in the prevention of identity theft and credit/debit card fraud. Plaintiff, Victor Gamaly, individually and on behalf of all others similarly situated, brings this action against Barcelino Continental Corp. and Does 1-10 (collectively "Defendants") based on Defendants' practice of violating 15 U.S.C. §1681c(g), a provision of FACTA, which provides

1  that "no person that accepts credit cards or debit cards for the transaction of business shall print
2  more than the last five digits of the card number or the expiration date upon any receipt provided
3  to the cardholder at the point of the sale or transaction." (Emphasis added.)  As used herein, the
4  phrase "Prohibited Information" refers to the information that 15 U.S.C. §1681c(g) prohibits from
5  being printed on receipts - i.e., more than the last five digits of the credit card or debit card number
6  or the expiration date of the card.  Despite having had several years to bring themselves into
7  compliance with the law, Defendants have willfully and repeatedly violated §1681c(g) by printing
8  Prohibited Information on credit card and debit card receipts provided to thousands of consumers.
9  Based on these violations, Defendants are liable to Plaintiff and the proposed class of other
10 similarly situated consumers, pursuant to 15 U.S.C. §1681n.

## THE PARTIES

12   2.    Plaintiff is a resident of the State of California and the County of Santa Clara, and is a "consumer" as defined by §1681a(c) of the Fair Credit Reporting Act (the "FRCA"), as amended by FACTA.  Pursuant to the Federal Rules of Civil Procedure, Plaintiff seeks to represent a nationwide class of consumers, likewise defined by §1681a(c).

16   3.    Defendant Barcelino Continental Corp. ("Barcelino") is a corporation organized under the laws of the state of California, whose principal place of business is listed as 111 Lucky Drive, Corte Madera, California 94925.  Barcelino manufactures and distributes apparel and accessories in stores in California and Washington.  Barcelino conducts business in the State of California, in this district, and is a person that accepts credit cards or debit cards for the transaction of business under the FCRA, pursuant to the definition of a "person" set forth therein.

23   4.    Plaintiff does not know the true names and capacities of Does 1-10, inclusive, whether individual, corporate, association, or otherwise, and therefore, sues these defendants, and each of them, by such fictitious names.  Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained.  Plaintiff is informed and believes, and on the basis of that belief alleges, that each of these Doe defendants was in some manner legally responsible for the events, happenings, injuries, and damages alleged in this

Complaint. As used herein, the term Defendants or "Barcelino" refers to Barcelino and the Doe defendants.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 15 U.S.C. §1681p and 28 U.S.C. §1331.

6. This Court has personal jurisdiction over Barcelino because a substantial portion of the wrongdoing alleged in this Complaint took place in this state, Barcelino is authorized to do business here, Barcelino has sufficient minimum contacts with this state, and/or Barcelino otherwise intentionally avails itself of the markets in this state through the promotion, marketing and sale of its products in this state, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper pursuant to 28 U.S.C. §1391(b) because the sole named defendant conducts business throughout this district and because a substantial part of the events and omissions giving rise to the claims occurred in this district, and because there is personal jurisdiction in this district over the sole named defendant.

## INTRADISTRICT ASSIGNMENT

8. Pursuant to the Northern District of California's Local Rules Nos. 3-2 and 3-5, Plaintiff requests assignment to the San Jose Division of the Northern District of California. A substantial part of the events or omissions that give rise to Plaintiff's claims occurred in Santa Clara County.

## FACTUAL BACKGROUND

9. Section 1681c(g), by its express terms, became effective on December 4, 2004 with respect to "any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions" (collectively referred to herein as "Cash Register" or "Cash Registers") that was "first put into use on or after January 1, 2005." (For practical purposes, the statute became effective January 1, 2005 with respect to such Cash Registers.) With respect to Cash Registers that were in use before January 1, 2005, the statute did not become effective until December 4, 2006. Thus, Congress gave companies that were using

Cash Registers put into use before January 1, 2005 significant additional time to comply with FACTA with respect to those Cash Registers. By contrast, with respect to Cash Registers first put into use on or after January 1, 2005, Congress imposed liability immediately.

10. In addition, years ago, VISA, MasterCard, and other entities, including Cash Register sellers, began informing retailers of the need to truncate credit and debit card information to comply with various state laws, with VISA or MasterCard policies and/or regulations, and/or with FACTA. Indeed, VISA implemented new operations regulations, applicable to new Cash Registers, as early as July 2003, in response to legislation requiring suppression of the expiration date and some digits on cardholder receipts, requiring similar suppression of such information for VISA transactions. Defendants ignored all of these warnings, as well as the requirements of FACTA itself, and continued to print Prohibited Information on customer receipts. In contrast, most business and retail companies in the United States - particularly large, sophisticated entities like Defendants - elected to take the steps needed to replace, modify or re-program their Cash Registers in order to comply with the law.

**PLAINTIFF VICTOR GAMALY**

11. On or about August 1, 2007, Barcelino printed the number of Plaintiff's credit card on a receipt provided to Plaintiff at the point of sale or transaction between Plaintiff and Barcelino, at Barcelino's store in San Jose. By doing so, Barcelino violated 15 U.S.C. §1681c(g).

**CLASS ACTION ALLEGATIONS**

12. Plaintiff brings this action on behalf of himself and a class of persons similarly situated (referred to herein as "Class Members"). This action is properly maintainable as a class action pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1) and 23(b)(3).

13. Since January 1, 2005, and within the applicable statute of limitations period, Barcelino printed the expiration date and/or printed more than the last five digits of Class Members' credit card or debit card numbers on the receipts provided to the Class Members at the point of a sale or transaction between Barcelino and Class Members. To the extent Barcelino did

so using Cash Registers that were first put in use on or after January 1, 2005, it violated 15 U.S.C. §1681c(g).

14. On or after December 4, 2006, Barcelino printed the expiration date and/or printed more than the last five digits of Class Members' credit card or debit card numbers on the receipts provided to the Class Members at the point of a sale or transaction between Barcelino and the Class Members. Each and every such receipt violated 15 U.S.C. §1681c(g), irrespective of when the Cash Register was put into use.

15. Barcelino's violations, as alleged herein, were not an accident or an isolated oversight. Rather, Barcelino knowingly and intentionally continued to use Cash Registers that were not programmed to, or otherwise did not, comply with §1681c(g). Barcelino knew that its receipt-printing practice violated the rights of consumers under FACTA, or at a minimum, recklessly disregarded whether its practice contravened consumers' rights and the law. Barcelino ignored the law, thereby placing Plaintiff and similarly situated customers at greater risk of identity theft.

16. <u>Class Definition</u>. Plaintiff seeks to represent a class of Barcelino customers (the "Class"), defined as follows:

> All persons in the United States of America to whom Barcelino provided at the point of sale or transaction an electronically-printed receipt on which Barcelino printed more than the last five digits of the number of the credit card or debit card used in the transaction, or on which Barcelino printed the expiration date of the credit or debit card used in the transaction, during the time periods provided by 15 U.S.C. §1681c(g).

17. Excluded from the Class are: (1) Barcelino and its subsidiaries, affiliates, officers and directors; (2) any entity in which Barcelino or any other excluded entity has a controlling interest; (3) Barcelino's legal representatives, predecessors, successors, assigns and employees; and (4) the judge and staff to whom this case is assigned, and any member of the judge's immediate family.

18. The members of the proposed Class (the "Class Members") can be ascertained from Barcelino's records or from information readily accessible to Barcelino. Notice

can be sent to the Class Members by mail, email, the Internet, through publication in newspapers and periodicals, or by other means authorized by the Court.

19. This action is brought and may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure.

20. <u>Numerosity Under Rule 23(a)(1)</u>. The Class Members are so numerous that joinder of all of them is impracticable. Plaintiff believes and thereon alleges that the size of the Class exceeds 1,000 persons.

21. <u>Commonality Under Rule 23(a)(2)</u>. This action involves common questions of law and fact, including, but not limited to, the following:

    a. Whether Defendants printed Prohibited Information on credit card or debit card receipts in violation of FACTA;

    b. Whether Defendants' conduct constituted willful noncompliance with FACTA;

    c. Whether Class Members are entitled to recover statutory damages, punitive damages or attorney's fees.

22. <u>Typicality Under Rule 23(a)(3)</u>. Plaintiff's claims are typical of (and not antagonistic to) the claims of the Class Members. Plaintiff and the other Class Members were subjected to the same kind of unlawful conduct and the claims of Plaintiff and the other Class Members are based on the same legal theories.

23. <u>Adequacy of Representation Under Rule 23(a)(4)</u>. Plaintiff, individually and through counsel, will fairly and adequately protect the interests of the Class, and Plaintiff has no interest adverse to the interests of the Class. Plaintiff's attorneys are experienced class action attorneys, will fully and adequately represent and protect the Class, and are ready, willing and able to do so.

24. <u>The Class Can Be Properly Maintained Under Rules 23(b)(1) and (c)</u>. The unlawful practices of Defendants alleged herein constitute a course of conduct common to Class Members. Prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct

for Defendants and/or substantially impair or impede the ability of individual Class Members to protect their interests.

25. <u>The Class Can Be Properly Maintained Under Rules 23(b)(3) and (c)</u>. Questions of law common to the members of the Class predominate over any questions affecting only individual members with respect to some or all issues presented in this Complaint. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Individual litigation of the claims of all Class Members is impracticable because the cost of litigation would be prohibitively expensive for each Class Member, and would impose an immense burden upon the courts. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments and would increase the delay and expense to all parties and to the court sys tem resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented in this Complaint, presents fewer management difficulties, conserves the resources of the parties and of the court system, and is the only means to protect the rights of all Class Members.

## CLAIM FOR RELIEF

**(Against All Defendants For Willful Noncompliance with 15 U.S.C. §1681 et seq.)**

26. Plaintiff, on behalf of himself and the Class, realleges and incorporates, as if fully alleged herein, each of the allegations contained in the preceding paragraphs of this Complaint, and further alleges as follows:

27. During the relevant time period, as alleged above, Barcelino intentionally, repeatedly and systematically printed statutorily Prohibited Information (i.e., the expiration date of a consumer's credit card or debit card and/or more than the last five digits of a consumer's credit card or debit card number) on receipts it provided at the point of a sale or transaction to consumers, including Plaintiff and Class Members, in violation of 15 U.S.C. §1681c(g).

28. Plaintiff believes and thereon alleges that Barcelino's conduct was pursuant to Barcelino's policies, routine practices, procedures and customs for electronically printing receipts, at least with respect to certain stores and/or Cash Registers which inexcusably failed to

CLASS ACTION COMPLAINT                                7

comply with the law. Defendant knew or recklessly disregarded that its use of Cash Registers that did not comply with the law, and that its printing of Prohibited Information on customers' receipts, was in contravention of Plaintiff's and Class Members' rights. As such, Defendant's violations of the FCRA and FACTA, as alleged by Plaintiff on behalf of himself and Class Members, were "willful" for purposes of the FCRA and FACTA.

29. As a result of Defendant's willful violation of §1681c(g), Plaintiff and each of the Class Members are entitled to monetary relief under 15 U.S.C. §1681n of not less than $100 and not more than $1,000 for each violation by Defendant.

30. Plaintiff and Class Members also were exposed to at least an increased risk of identity theft by reason of Defendant's conduct. However, Plaintiff does not seek to quantify or recover actual damages in this case, either for himself of the Class Members. That actual loss is small and hard to quantify is why statutes such as the Fair Credit Reporting Act provide for modest statutory damages without proof of injury. Any Class Members who suffered substantial actual damages due to identity theft or other damages resulting form the violations alleged above will be entitled to opt out of this action, should they so desire, and litigate their claims independently.

## PRAYER FOR RELIEF

Plaintiff, on behalf of himself and the Class, requests that the Court order the following relief and enter judgment against Barcelino as follows:

A. An order certifying the proposed members of the Class and appointing Plaintiff and his counsel of record to represent the Class;

B. A judgment awarding Plaintiff and members of the Class statutory damages under 15 U.S.C. §1681n for each willful violation as alleged herein;

C. A judgment awarding Plaintiff and members of the Class punitive damages under 15 U.S.C. §1681n;

D. Pre-judgment and post-judgment interest as permitted by law;

E. Attorneys' fees, expenses and the costs of this action;

F. All other and further relief as the Court deems necessary, just and proper.

# JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury for all issues so triable under the law.

Dated: September 12, 2007

Respectfully submitted,

Pierce Gore (State Bar No. 128515)
GORE LAW FIRM
900 East Hamilton Avenue
Suite 100
Campbell, CA 95008

By: *Pierce Gore*
Pierce Gore

J. Brandon McWherter
Charles L. Holliday
Clinton H. Scott
SPRAGINS BARNETT & COBB, PLC
312 E. Lafayette Street
P.O. Box 2004
Jackson, TN 38302
(731) 424-0461
(731) 424-0562 (fax)

Justin S. Gilbert
GILBERT & RUSSELL, PLC
2021 Greystone Dr.
Jackson, TN 38305
(731) 664-1340
(731) 664-1540 (fax)

Don Barrett
David McMullan
DON BARRETT, P.A.
404 Court Square North
P.O. Box 987
Lexington, MS 39095
(662) 834-2376
(662) 834-2628 (fax)

Charles Barrett
BARRETT & ASSOCIATES, P.A.
6518 Highway 100
Suite 210
Nashville, TN 37205
(615) 515-3393
(615) 515-3395 (fax)

*Attorneys for Plaintiff*