Leonard A. Rifkind, SBN 133971
Houman Chitsaz, SBN 219469
RIFKIND CHITSAZ, LLP
790 Mission Avenue
San Rafael, CA 94901

Attorneys for Defendant
BARCELINO CONTINENTAL CORP.

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VICTOR GAMALY, individually and on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BARCELINO CONTINENTAL CORP.; Does 1 through 10,<br><br>Defendants. | Case No. C07 04757<br><br>**DEFENDANT BARCELINO CONTINENTAL CORP.'S ANSWER TO COMPLAINT**<br><br>**JURY DEMAND** |

COMES NOW Defendant BARCELINO CONTINENTAL CORP. (hereinafter referred to as "Defendant") and Answers the complaint on file herein as follows:

### NATURE OF THE ACTION

1. In answer to Paragraph 1 of the complaint, Defendant admits that Plaintiff has purportedly attempted to bring a class action against Barcelino Continental Corp. pursuant to the Fair and Accurate Credit Transaction Act, 15 U.S.C. §1681 et. seq. ("FACTA"), which Congress enacted in 2003 to aid in the prevention of identity theft and credit/debit card fraud. Defendant denies the allegations contained in the second sentence of Paragraph 1 on lack of information or

-1-


belief. Defendant admits that Plaintiff purports to use the phrase "Prohibited Information" to refer to information that 15 U.S.C. §1681c(g) prohibits from being printed on receipts. Defendant denies the allegations contained in the fourth sentence of Paragraph 1 on lack of information or belief. Defendant denies that it is liable to Plaintiff and the proposed class of other similarly situated consumers, pursuant to 15 U.S.C. §1681n, and denies the remaining allegations of Paragraph 1 on lack of information or belief.

## THE PARTIES

2. Defendant denies the allegations contained in the first sentence of Paragraph 2 on lack of information or belief. Defendant admits that pursuant to the Federal Rules of Civil Procedure, Plaintiff purports to seek to represent a nationwide class of consumers, defined by §1681a(c).

3. Defendant admits the allegations contained in Paragraph 3 of the complaint.

4. Defendant admits the allegations contained in the first two sentences of Paragraph 4 of the complaint. Defendant denies the allegations contained in the third sentence of Paragraph 4 of the complaint on lack of information or belief. Defendant admits that Plaintiff purports to use the term Defendants or "Barcelino" to refer to Barcelino and the Doe defendants. On lack information or belief, however, Defendant cannot answer the remaining allegations against the Doe defendants. As such, Defendant answers the remaining allegations contained in Plaintiff's complaint on behalf of Defendant Barcelino alone.

## JURISDICTION AND VENUE

5. Defendant admits that this Court has subject matter jurisdiction pursuant to 15 U.S.C.§ 1681p and 15 U.S.C. § 1331.

6. Defendant admits that this Court has personal jurisdiction over Barcelino.

7. Defendant admits that venue is proper pursuant to 28 U.S.C. §1391(b).

## INTRA-DISTRICT ASSIGNMENT

8. Defendant admits that pursuant to Northern District of California's Local Rules Nos. 3-2 and 3-5, Plaintiff purports to request assignment to the San Jose Division of the

1. Northern District of California. Defendant denies the remaining allegations of Paragraph 8 on
2. lack of information or belief.

### FACTUAL BACKGROUND

9. Defendant denies the allegations of Paragraph 9 on lack of information or belief.

10. Defendant denies that is a large and sophisticated entity and denies the remaining allegations contained in Paragraph 10 on lack of information or belief.

### PLAINTIFF VICTOR GAMALY

11. Defendant denies the allegations of Paragraph eleven on lack of information or belief.

### CLASS ACTION ALLEGATIONS

12. Defendant admits that Plaintiff purports to bring this action on behalf of himself and a class of persons similarly situated. Defendant denies the remaining allegations of Paragraph 12.

13. Defendant denies the allegations of Paragraph 13 on lack of information or belief.

14. Defendant denies the allegations of Paragraph 14 on lack of information or belief.

15. Defendant denies the allegations of Paragraph 15.

16. Defendant admits that in Paragraph 16 of the complaint, Plaintiff purports to define a class of Barcelino customers that Plaintiff seeks to represent. Defendant denies that any such class exists on lack of information or belief.

17. Defendant admits that in Paragraph 17 of the complaint, Plaintiff purports to exclude a group of individuals from Class membership.

18. In answer to paragraph 18 of the complaint, Defendant denies the allegations of Paragraph 18.

19. Defendant admits that Plaintiff purports to bring this action as a class action under Rule 23 of the Federal Rules of Civil Procedure. Defendant denies that this action may be

1  maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure on lack of information or belief.

20. <u>Numerosity Under Rule 23(a)(1)</u>. On lack of information or belief, Defendant denies that the Class Members are so numerous that joinder of all of them is impracticable. On lack of information or belief, Defendant further denies that the size of the Class exceeds 1,000 persons.

21. <u>Commonality Under Rule 23(a)(2).</u> Defendant denies that this action involves common questions of law and fact.

22. <u>Typicality Under Rule 23(a)(3).</u> Defendant denies that Plaintiff's claims are typical of the claims of the Class Members and denies the remaining allegations of Paragraph 22 on lack of information or belief.

23. <u>Adequacy of Representation Under Rule 23(a)(4)</u>. Defendant denies the allegations contained in Paragraph 23 of the complaint.

24. <u>The Class Can Be Properly Maintained Under Rules 23(b)(1) and (c).</u> Defendant denies the allegations contained in Paragraph 24 of the complaint.

25. <u>The Class Can Be Properly Maintained Under Rules 23(b)(3) and (c).</u> Defendant denies the allegations contained in Paragraph 25 of the complaint.

## **CLAIM FOR RELIEF**

**(Against All Defendants for Willful Noncompliance with U.S.C. §1681 et seq.)**

26. Defendant incorporate its Answers to Paragraphs 1 through 25 as though fully set forth below.

27. Defendant denies the allegations of Paragraph 27.

28. Defendant denies the allegations of Paragraph 28.

29. Defendant denies the allegations of Paragraph 29.

30. Defendant denies that Plaintiff and Class Members were exposed to at least an increased risk of identity theft by reason of Defendant's conduct. Defendant denies the remaining allegations contained in Paragraph 30 on lack of information or belief.

## WITHOUT WAIVING THE FOREGOING ANSWER, ANSWERING DEFENDANTS ASSERT AFFIRMATIVE DEFENSES AS FOLLOWS:

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff has failed to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Defendant is informed and believes, and therefore alleges, that Plaintiff has failed to mitigate damages, if any there were, although he had reasonable opportunity to do so.

### THIRD AFFIRMATIVE DEFENSE

3. Defendant is informed and believes, and therefore alleges, that Plaintiff's injuries, if any, were directly and legally caused by the acts or omissions, or both, of persons, firms, or entities other than Defendant.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff is barred, in whole or in part, by the doctrine of laches, waiver, estoppel and unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff has failed to pursue his administrative remedies required before filing any action.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's allegations fail to support a claim for punitive damages.

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff's attorney's fees are unnecessary and unreasonable as Plaintiff made insufficient communications to Defendant about the specific allegations contained in the complaint before Plaintiff filed suit against Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

8. The actions complained of were made without malice or wrongful intent on the part of Defendant and in a reasonable and good faith belief of its legal right to perform the

actions complained of.

### NINTH AFFIRMATIVE DEFENSE

9. On information or belief, Plaintiff lacks standing.

### TENTH AFFIRMATIVE DEFENSE

10. Each cause of action purported to be alleged in the complaint against this Defendant is barred in whole or in part by the applicable statutes of limitations including, but not limited to, 15 U.S.C. § 1681p, Code of Civil Procedure sections 337, 338, 339, 340 and 343.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Defendant alleges that this action is not ripe for adjudication, in that that the condition precedent to bringing the action was not met.

### TWELFTH AFFIRMATIVE DEFENSE

12. The Court has no jurisdiction of the subject of the cause of action alleged in the complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff is not entitled to the relief requested in the complaint because such relief would work a substantial hardship on the Defendant relative to the benefit Plaintiff would gain by the relief.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Any claim for punitive damages or exemplary damages is barred by the First, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and by Article 1 of the Constitution of California; California Civil Code Section 3294 is invalid on its face and/or as applied to Defendant in this action, because it contravenes rights guaranteed to Defendant under the aforesaid Amendments and Constitutions.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. Plaintiff cannot prove any facts showing that the conduct of this Defendant was the cause in fact of any alleged injuries or damages suffered by Plaintiff as alleged in the complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. At all times and places mentioned in the complaint, Plaintiff was fully aware of the facts, matters and circumstances surrounding said matters, and knowingly and voluntarily assumed the risk of injury and/or damage, if any.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. Plaintiff's case is not suitable for class action in that Plaintiff's claim lacks commonality, typicality, and cannot be property maintained under Rule 23.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. This Defendant has at all times maintained reasonable procedures for an entity of its size to assure compliance with all applicable provisions FACTA. Therefore, pursuant to 15 U.S.C. §§ 1681, Defendant is not liable to Plaintiff

### NINETEENTH AFFIRMATIVE DEFENSE

19. Discovery has not yet been completed and Defendant reserves the right to assert any affirmative defenses which may be appropriate, whether such affirmative defenses are raised herein or not.

### JURY DEMAND

Defendant demands trial by jury.

WHEREFORE, Defendant requests that:

(1) Plaintiffs take nothing by this action;

(2) A judgment of dismissal be entered in favor of Defendant;

(3) Defendant be awarded the costs of suit incurred;

(4) Plaintiff's request for a Class Action lawsuit be dismissed, and

(4) Defendant be awarded any other and further relief the Court considers proper.

Dated: December 18, 2007

RIFKIND CHITSAZ, LLP

By: _____
Houman Chitsaz
Attorneys for Defendant
BARCELINO CONTINENTAL CORP.