Pierce Gore (State Bar No. 128515)
GORE LAW FIRM
900 East Hamilton Avenue
Suite 100
Campbell, CA 95008
Telephone: (408) 879-7444
Facsimile: (408) 376-0757
Email: *piercegore@gorelawfirm.com*

Attorneys for Plaintiff
VICTOR GAMALY


Leonard A. Rifkind, SBN 133971
Houman Chitsaz, SBN 219469
RIFKIND CHITSAZ, LLP
790 Mission Avenue
San Rafael, CA 94901

Attorneys for Defendant
BARCELINO CONTINENTAL CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VICTOR GAMALY, individually and on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>BARCELINO CONTINENTAL CORP., DOES 1 THOUGH 10,<br><br>        Defendants. | CASE NO. C 07-04757 JF<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge:             Hon. Jeremy Fogel<br>Conference Date:   January 25, 2008<br>Time:              10:30 a.m.<br>Courtroom:         3, 5th Floor |

**TO THE HONORABLE COURT:**

On December 18, 2007, the parties to the above-captioned action met and conferred pursuant to FRCP 26(f). The parties jointly submit this Case Management Statement and Proposed Order pursuant to the Court's standard format, and request the Court to adopt it as its Case Management Order in this case.

**1. Jurisdiction and Service**

The subject-matter jurisdiction of this Court is not disputed, based on 28 U.S.C. § 1331 (federal question). There are no issues regarding personal jurisdiction or venue, and all parties have been served.

**2. Factual and Legal Summary of Action**

Section 1681c(g) of the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), which is part of the Fair Credit Reporting Act ("FCRA"), provides that:

> "No person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." (15 U.S.C. §1681c(g).)

Plaintiff has filed the instant class-action Complaint alleging that Defendant violated FACTA by printing card numbers and expiration dates on credit and/or debit card receipts provided to its customers. Plaintiff also alleges that these violations were willful and seeks remedies under 15 U.S.C. § 1681n. Plaintiff seeks to certify a nation-wide class, and to obtain statutory damages on behalf of Plaintiff and members of the plaintiff class. Plaintiff does not presently seek to recover actual damages.

Defendant, BARCELINO CONTINENTAL CORP (hereinafter referred to as "Barcelino") disputes the allegations asserted by Plaintiff, and contends that Plaintiff is not entitled to the relief requested, or to any relief, either individually or on a class basis. Barcelino claims that if it violated FCRA the violation was not willful. Barcelino also contends that it is a small retailer and that class action is not superior to individual action under these circumstances.

**3.1 Principal Factual Issues Genuinely in Dispute**

(a) Defendant's conduct – i.e., whether Barcelino printed prohibited information on credit and/or debit card receipts in violation of FACTA.

(b) The nature of Defendant's conduct - i.e., whether Barcelino's conduct was willful. This is a combined issue of law and fact.

(c) The nature and amount of any damages.

**3.2**   **Principal Legal Issues Genuinely in Dispute**

(a) Whether this case may be maintained as a class action;

(b) Whether a class action is superior to individual actions;

(c) Whether plaintiff has standing to sue under FACTA;

(d) Whether Defendant's conduct satisfies the willfulness standard under the Fair Credit Reporting Act, of which FACTA is a part;

(e) The amount of statutory damages recoverable in the event willfulness is shown;

(f) Whether punitive damages are appropriate under the circumstances presented in this dispute;

(g) The amount of punitive damages, if any, which should be awarded in the event willfulness is shown.

**4.**   **Issues that Can Be Narrowed by Agreement or by Motions**

Plaintiff believes that class issues may be narrowed or resolved in motions relating to class certification.

**5.**   **Motions Anticipated by the Parties**

Plaintiff expects to file his motion for class certification on or before July 1, 2008. Barcelino expects to file its motion for summary judgment prior to trial.

**6.**   **Amendments of Pleadings**

Plaintiff does not anticipate any amendments to his Complaint. Barcelino may amend its answer if appropriate under the circumstance.

**7.**   **Relief Sought, Computation of Damages**

Plaintiff seeks statutory damages under 15 U.S.C. § 1681n, punitive damages, pre-judgment and post-judgment interest as permitted by law, and attorney's fees, expenses, and costs.

Barcelino contends that Plaintiff is not entitled to this relief, or to any relief whatsoever in this action.  Barcelino does not seek damages, but reserves the right to seek recovery of costs and attorneys' fees incurred in this action.

**8. Evidence Preservation**

The parties will comply.

**9. Discovery**

Plaintiff served his initial disclosures on January 2, 2008, in compliance with FRCP 26(a) and the Court's Order Setting Initial Case Management Conference and ADR Deadlines. Plaintiff has prepared his initial discovery, which he intends to serve upon receipt of Barcelino's initial disclosures.

Barcelino not served its initial disclosures, and has asked Plaintiff to stipulate that the parties exchange initial disclosures on February 2, 2008. Plaintiff declined to so stipulate.

The parties agree that discovery may commence upon service of initial disclosures. The parties will comply with the Court's discovery rules and orders.

**10. Settlement and ADR**

The parties are in agreement that this matter is not suitable for ADR. Barcelino proposes to mediate dispute with a Magistrate within 60 days.

**11. Referral to Binding Arbitration, Special Master, Magistrate Judge, Judicial Panel**

The parties each decline referral to binding arbitration, special master, magistrate judge or judicial panel.

**12. Nature and Length of Trial, Bifurcation of Issues**

Plaintiff has requested a jury trial, and anticipates that the trial can be completed in five days.

**13. Related Cases Before Other Judges of This Court**

The parties are not aware of any related cases pending before other Judges of this Court.

**14. Class Action Issues**

**(a) Plaintiff's Position**

Plaintiff asserts that this case is maintainable as a class action under sections

(b)(1), (b)(3), and (c) of FRCP 23.

The Complaint alleges that Defendant used an automated receipt printing procedure that printed receipts violating FACTA. Accordingly, Plaintiff and all members of the potential class are identically situated. There are no individual issues in this case of fact or law.

### (b) Defendant's Position

Defendant disputes Plaintiff's class action contentions in their entirety, and asserts that this action may not be maintained as a class action. Barcelino also contends that under the specific circumstances presented by the statutory damages set forth under FACTA, class action is not superior to individual actions.

### 15. Proposed Dates for Discovery Cut-off, Pretrial Conference and Trial

#### a) Plaintiff's Position

Plaintiff proposes the following schedule:

| Event | Date |
| --- | --- |
| Completion of Fact Discovery | July 1, 2008 |
| Exchange of Expert Reports | July 15, 2008 |
| Completion of Expert Discovery | August 15, 2008 |
| Trial | November 3, 2008 |

#### b) Defendant's Position

Barcelino proposes the following schedule:

| EVENT | DATE |
| --- | --- |
| Completion of Fact Discovery | December 1, 2008 |
| Exchange of Expert Reports | January 15, 2009 |
| Exchange of Reply Expert Report | February 1, 2009 |
| Exchange of Rebuttable Expert Report, if any | February 15, 2009 |
| Completion of expert discovery | March 10, 2009 |
| Trial Date | Week of April 20, 2009 |

**16.     Disclosure of Non-party Interested Entities or Persons**

The members of the proposed class are non-party interested persons.

**17.     Other Matters**

None.

DATED: January 2, 2008          GORE LAW FIRM

By: /s/ *Pierce Gore*
    PIERCE GORE
    Attorneys for Plaintiff
    VICTOR GAMALY

DATED:  January 2, 2008          RIFKIND CHITSAZ LLP

By: */s/ Houman Chitsaz*
    Houman Chitsaz
    Attorneys for Defendant
    BARCELINO CONTINENTAL CORP.

**[PROPOSED] CASE MANAGEMENT ORDER**

_____**The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.**

_____**In addition the Court orders:** _____

_____.

_____

Dated: _____                          _____
_____          Hon. Jeremy Fogel
                                          UNITED STATES DISTRICT JUDGE